IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATIE MATHEWS,

     Plaintiff,

vs.                                                                      Case No. 1:20-cv-00120-JFR-KRS

HVR, INC., CLYDE ALEXANDER, DEAN
SCHROEDER, LANDON WRIGHT, and
MICHAEL HANSON,

       Defendants.

**DEFENDANT HVR, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant HVR, Inc. ("HVR"), by and through its counsel of record, Modrall, Sperling,

Roehl, Harris & Sisk, P.A. (Tiffany L. Roach Martin and Dominic A. Martinez), hereby submits

this Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, for Failure to

Submit a Claim Upon Which Relief can be Granted.   In her First Amended Complaint

("Complaint"), Plaintiff Katie Mathews asserts two claims against HVR: (1) violation of the New

Mexico Human Rights Act ("NMHRA") and (2) retaliatory discharge.  Plaintiff's NMHRA claim

should be dismissed because HVR has an insufficient number of employees to qualify as an

"employer" subject to the requirements of the NMHRA.   New Mexico and federal case law

provides that this Court therefore lacks subject matter jurisdiction over Plaintiff's NMRHA claim.

Alternatively, Plaintiff fails to state a valid NMHRA claim against HVR because HVR is not an

"employer" who can be sued under the NMHRA.  Plaintiff's retaliatory discharge claim should

also be dismissed for failure to state a claim upon which relief can be granted, because Plaintiff

failed to allege a specific public policy that HVR violated in terminating Plaintiff. Thus, as more fully outlined below, this Court should dismiss Plaintiff's claims against HVR in their entirety.

### BACKGROUND

HVR operates the Hidden Valley Ranch in Pecos, New Mexico. HVR is a family owned corporation. The Hidden Valley Ranch Property is utilized as vacation lodging by the owners and their families. Plaintiff and her fiancé, Matthew Blackmarr, were employed by HVR as ranch managers from March 2019 until their termination in May 2019. Complaint, ¶ 7. During this period, Plaintiff and her fiancé were the only two employees of HVR. During 2019, four other individuals provided HVR services at the Hidden Valley Ranch: three housekeepers and one maintenance worker. Declaration of Clyde Alexander, attached hereto as Exhibit A, ¶¶ 5-6, 8-9. Only three of these individuals provided services at the Hidden Valley Ranch during the relevant time-period of Plaintiff and her fiancé's employment. Two of the three housekeepers, Susan Quintana and Elaine Trujillo, provided cleaning services at the ranch three times in 2019 and were paid in May, June, and November. Declaration of Susan Quintana, attached hereto as Exhibit B, ¶ 3; Declaration of Elaine Trujillo, attached hereto as Exhibit C, ¶ 3. The third housekeeper provided housekeeping services just once in 2019 and was paid directly by a stockholder of HVR for those services, who was reimbursed by HVR, in November. Exhibit A, ¶ 8. In addition to these three housekeepers, Chris Long provided maintenance services to HVR as needed at the ranch. Declaration of Chris Long, attached hereto as Exhibit D, ¶ 3. In 2019, Susan Quintana, Elaine Trujillo and Chris Long were each self-employed and provided their services to a number of clients, including HVR. *See* Exhibit B ¶ 2, 3, Exhibit C, ¶ 2, 3, Exhibit D, ¶¶ 2, 3. In 2019, Mr. Long was only paid twice for his maintenance services at the ranch, in April and December. Exhibit D, ¶ 6. As more fully set out below, the three housekeepers and one maintenance worker

Case 1:20-cv-00120-JFR-KRS   Document 3   Filed 02/18/20   Page 3 of 12

who provided services to HVR at the Ranch were independent contractors, and HVR's only employees in 2019 were Plaintiff and her fiancé.

In the Complaint, Plaintiff appears to claim that she was terminated from her position as ranch manager by HVR for a host of different discriminatory reasons: her sex, her race, her national origin, her fiancé's veteran status, and her spousal affiliation. *See* Complaint, ¶¶ 6, 10, 18. Plaintiff also claims that her fiancé was terminated "based on [HVR's] prejudice against veterans," which she opposed because "his legal problems should not be held against her solely because of her relationship with a man[.]" Complaint, ¶ 13. For the reasons described herein, Plaintiff's claims against HVR should be dismissed in their entirety.

## LEGAL STANDARDS

### I.     Dismissal for Lack of Subject Matter Jurisdiction

"A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims." *World Fuel Servs., Inc. v. Nambe Pueblo Dev. Corp.*, 362 F.Supp.3d 1021, 1054 (D.N.M. 2019). "The Tenth Circuit has held that motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based.'" *Id.* (quoting *Ruiz v. McDonald*, 299 F.3d 1173, 1180 (10th Cir. 2002)). When a defendant challenges the facts upon which the court's subject matter jurisdiction is based, the court "may not presume the truthfulness of those [factual] allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citation omitted). Here, HVR challenges whether it has sufficient employees to be considered an "employer" under the NMHRA, which is a factual prerequisite to this Court's exercise of subject matter jurisdiction. Thus, HVR

3

makes a factual challenge to this Court's subject matter jurisdiction, which means that the Court must not presume the truthfulness of the Complaint's allegations and may consider outside documents, such as declarations or affidavits, to resolve the disputed jurisdictional facts. This court's consideration of declarations or other documents beyond the Complaint does not convert this motion to a motion for summary judgment under Fed. R. Civ. P. 56. *See id.*

**II.      Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted**

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." "The sufficiency of a complaint is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor." *Front Row Tech., LLC v. NBA Media Ventures, LLC*, 163 F.Supp.3d 938, 974 (D.N.M. 2016). Complaints must contain sufficient allegations of fact "to state a claim that is plausible on its face" to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint need not set forth detailed factual allegations, yet a pleading that offers labels and conclusions or a formulaic recitation of the elements is insufficient." *Front Row Tech.*, 163 F.Supp.3d at 974. (internal quotation marks and citations omitted). As the United States Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the pleading requirements in federal court "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## ARGUMENT

**I.      Because HVR Does Not Have the Requisite Number of Employees to Qualify as an "Employer" Under NMHRA, Plaintiff's NMHRA Claim Fails to Meet a Jurisdictional Requirement and Should Be Dismissed.**

The NMHRA prohibits "employer[s]" from discharging "any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex, sexual orientation, gender identify, physical or mental handicap or serious medical condition, or, if the employer has fifty or more employees, spousal affiliation[.]"  NMSA 1978, § 28-1-7(A).  Here, the NMHRA claim in Plaintiff's Complaint seems to allege that she was discharged based on her sex, her race, her national origin, her fiancé's veteran status, and her spousal affiliation.  *See* Complaint, ¶¶ 6, 10, 18.  Crucially, however, the NMHRA's prohibition of discharging employees for these reasons only applies to *employers*, which are defined by the NMHRA as, "any person employing *four or more* persons and any person acting for an employer[.]"  NMSA 1978, § 28-1-2(B) (emphasis added).

When the Legislature creates a cause of action, such as Plaintiff's claims under the Human Rights Act, then the Legislature can determine the jurisdiction of New Mexico's courts through requirements set forth in the statute.

> As a general rule, "standing in our courts is not derived from the state constitution, and is not jurisdictional." *ACLU of N.M. v. City of Albuquerque*, 2008–NMSC–045, ¶ 9, 144 N.M. 471, 188 P.3d 1222 . However, " '[w]hen a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. Standing then becomes a jurisdictional prerequisite to an action.' " *Id.* ¶ 9 n. 1

*Deutsche Bank Nat. Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 11, 369 P. 3d 1046. Therefore, the four employee requirement in the NMHRA is a jurisdictional prerequisite to Plaintiff's claims.

New Mexico's appellate courts have not expressly ruled on whether a defendant's qualification as an "employer" is a jurisdictional requirement, but federal case law is instructive

on this issue. *See Ocana v. Amer. Furniture Co.*, 2004-NMSC-018, ¶ 35, 135 N.M. 539, 91 P.3d 58 (relying on federal case law interpreting Title VII for guidance in interpreting the NMHRA). Federal courts have held that Title VII's 15-employee threshold to qualify as an "employer" is a jurisdictional requirement. *See, e.g.*, *Owens v. Rush*, 636 F.2d 283, 287 (10th Cir. 1980) ("Congress maintained a 15-employee limitation on Title VII, and . . . this limitation is jurisdictional."); *McCans v. City of Truth or Consequences*, No. 07-CV-0606 BB/LCS, 2008 WL 11359163 at *3 n.1 (D.N.M. Nov. 4, 2008) ("Title VII's statutory requirements are jurisdictional in nature."); *Burke v. Friedman*, 556 F.2d 867, 870 (7th Cir. 1977) (affirming dismissal of a Title VII claim for lack of subject matter jurisdiction because the defendant did not qualify as an "employer" under Title VII); *Renfro v. Office and Professional Employers Inter. Union, Local 277, AFL-CIO*, 545 F.2d 509, 510 (5th Cir. 1977) (same). In light of this analogous federal case law, which New Mexico courts rely upon for guidance in interpreting the NMHRA, this Court should conclude that the NMHRA's four-employee threshold to qualify as an "employer" is a jurisdictional requirement for NMHRA claims.

Here, this Court lacks subject matter jurisdiction over Plaintiff's NMHRA claim because HVR does not have four or more employees and thus, cannot be considered an "employer" under the NMHRA. In 2019, HVR had only two employees: Plaintiff and her fiancé, who were employed from March through May. The period of Plaintiff's employment is the relevant period for determining the number of HVR's employees.[1] *See Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 207 (1997) (determining the number of employees an employer "has" under Title VII using

---

[1] In Plaintiff's Discrimination Complaint to the New Mexico Department of Workforce Solution's Human Rights Bureau, she asserted that the alleged discrimination began on May 30, 2019 and ended on May 31, 2019. *See* Human Rights Bureau Discrimination Complaint, attached hereto as Exhibit E. HVR could therefore argue that the relevant period for determining its number of employees is that two-day span. Such an argument is unnecessary, however, because HVR did not even have four employees throughout the entirety of Plaintiff's tenure with HVR.

the "payroll method," by counting the number of individuals with an employment relationship with the employer "on the day in question"). Only two housekeepers and one maintenance worker provided their services to HVR during the time of Plaintiff's employment, and therefore the remaining housekeeper who provided cleaning services later in 2019 and was not even directly hired or paid by HVR, is irrelevant to this analysis. Nevertheless, *all* of the housekeepers and the maintenance worker who occasionally provided their services at the ranch were independent contractors under New Mexico law, and thus do not count toward the four-employee threshold.

New Mexico courts have adopted the Restatement (Second) of Agency's approach to determining whether an individual is an employee or an independent contractor. *Celaya v. Hall*, 2004-NMSC-005, ¶ 11, 135 N.M. 115, 85 P.3d 239. This approach requires courts to consider the following set of relevant factors, none of which is individually dispositive of whether an individual qualifies as an employee or independent contractor:

(1) The degree of control the principal exercises over the details of the agent's work;

(2) The type of occupation and whether it is usually performed without supervision;

(3) The skill required for the occupation;

(4) Whether the employer supplies the tools or instrumentalities for the person doing the work;

(5) The length of time the person is employed;

(6) The method of payment, whether by time or by job;

(7) Whether the work is part of the regular business of the employer;

(8) Whether the parties intended to create an employer relationship; and

(9) Whether the principal is engaged in business.

*Id.* ¶ 15.   Applying these factors to the housekeepers and maintenance worker who provided services to HVR compels the conclusion that they were all independent contractors and not employees.

With respect to the first factor, HVR exercised little to no control over the details of the housekeepers' and maintenance worker's work.  Exhibit B, ¶ 4; Exhibit C, ¶ 4; Exhibit D, ¶ 4.  The housekeepers and maintenance worker were paid to provide cleaning and maintenance services at the ranch, but *how* they cleaned or performed maintenance was not controlled by HVR.  *Id.*  The housekeepers and maintenance worker were their own supervisors, they set their own schedules, and they could have declined any work offered to them by HVR.  Exhibit B, ¶ 2; Exhibit C, ¶ 2; Exhibit D, ¶ 2.  Each of them provided their services to several clients, in addition to HVR.  Exhibit B, ¶ 2, 3; Exhibit C, ¶ 2, 3; Exhibit D, ¶ 2, 3.  This absence of control or supervision by HVR is typical of housekeeping and maintenance work, which means that the second factor in the Restatement (Second) of Agency's list also suggests that these individuals were independent contractors of HVR.  The third, seventh, and eighth factors also suggest that they were independent contractors, since housekeeping and maintenance work are relatively low-skill occupations, which are not part of the regular business of HVR, and these individuals and HVR did not intend to create an employer-employee relationship.  Exhibit B, ¶ 5; Exhibit C, ¶ 5; Exhibit D, ¶ 2, 5.  The fifth factor further supports these individuals' classification as independent contractors, since the housekeepers only cleaned the Ranch for HVR a few times per year and the maintenance worker only provided his services when needed.  Exhibit B, ¶ 3; Exhibit C, ¶ 3; Exhibit D, ¶ 3, 6.  While HVR provided cleaning supplies for the housekeepers and paid both the housekeepers and maintenance worker hourly, these two factors alone cannot overcome the weight of the remaining factors, which all compel the conclusion that the housekeepers and maintenance worker were

8

independent contractors of HVR. As a result, HVR only had two employees in 2019—Plaintiff and her fiancé—which means that HVR is not an "employer" under NMHRA and this Court consequently lacks jurisdiction over Plaintiff's NMHRA claim against HVR.

## II. Alternatively, Plaintiff's NMHRA Claim Fails to State a Claim Upon Which Relief Can Be Granted Because HVR Does Not Meet the Four-Employee Threshold Under the NMHRA.

As explained above, the New Mexico Supreme Court has stated that federal case law is useful for interpreting the NMHRA, and federal case law on Title VII has held that its employee threshold to be considered an "employer" is a jurisdictional requirement. However, if this Court is not inclined to rely on persuasive federal court authority, including case law from the Tenth Circuit and federal district court in New Mexico, then the Court must still dismiss Plaintiff's NMHRA claim under Rule 1-012(B)(6) NMRA. Even if the four-employee threshold to be an "employer" under the NMHRA is not a *jurisdictional* requirement, it is nevertheless a *legal* requirement for Plaintiff's claim against HVR. Motions to dismiss under Rule 1-012(B)(6) test the "legal sufficiency" of a plaintiff's claims, and in this case, Plaintiff's NMHRA claim is legally insufficient because HVR is not an "employer," subject to the NMHRA. Accordingly, if this Court decides that the four-employee threshold is not a jurisdictional requirement, Plaintiff's NMHRA claim against HVR should still be dismissed under Rule 1-012(B)(6).

## III. Plaintiff's Retaliatory Discharge Claim Fails Because it is not Based on a Sufficient Specific Expression of Public Policy.

New Mexico law generally recognizes that a plaintiff can pursue a claim for common law retaliatory discharge, rather than a claim under the NMHRA, if the plaintiff's termination was a violation of a "clear mandate of public policy." *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 3, 117 N.M. 441, 872 P.2d 859. To bring a claim for retaliatory discharge, an employee must (1) identify a *specific* expression of public policy which the discharge violated; (2)

demonstrate that he or she acted in furtherance of the clearly mandated public policy; and (3) show that he or she was terminated as a result of those acts.  *See Lihosit v. I & W, Inc.*, 1996-NMCA-033, ¶ 7, 121 N.M. 455, 913 P.2d 262.  Here, Plaintiff's retaliatory discharge claim fails because Plaintiff has not identified a specific expression of public policy that was violated by her discharge. Plaintiff's Complaint merely alleges that she was terminated "for her opposition to unlawful employment practices," which is not a sufficiently specific expression of public policy to support a retaliatory discharge claim.  *Compare* Complaint, ¶ 23 ("Terminating an employee for her opposition to unlawful employment practices violates the public policy of New Mexico.") *with Vigil v. Arzola*, 1983-NMCA-082, 102 N.M. 682, 699 P.2d 613, *rev'd in part on other grounds*, *Vigil v. Arzola*, 1984-NMSC-090, 101 N.M. 687, 687 P.2d 1038 (Plaintiff alleged that he was discharged for informing his board of directors that his supervisor was misusing state and federal funds, which violated the New Mexico public policy against misuse of government funds). Plaintiff's retaliatory discharge allegations fit within the class of allegations that our Court of Appeals rejected in *Vigil*: "[a] general allegation that the discharge contravened public policy is insufficient[.]"  1983-NMCA-082, ¶ 35.

Further, to the extent that Plaintiff's retaliatory discharge claim is based on her "opposition to unlawful employment practices" by filing a Charge of Discrimination with the Human Rights Bureau, her claim still fails.  Plaintiff filed her Charge of Discrimination on June 24, 2019—*after* she had been discharged from her position at HVR on May 31, 2019.  *See* Exhibit E[2].  As noted

---

[2] The Court may consider Plaintiff's Charge of Discrimination without converting this Motion into a motion for summary judgment as that document is subject to judicial notice as a document in the official record of the administrative agency and/or the document is otherwise incorporated into the complaint by reference and central to the plaintiff's claims. *See Harvey E. Yates Co. v. Cimarex Energy Co.*, No. 12-857 JH/SMV, 2014 WL 11512599, at *2 (D.N.M. Mar. 5, 2014)("No conversion is required, however, when the court considers information that is subject to proper judicial notice or documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned."); *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1262 & n.3 (D.N.M. 2011) (taking judicial notice of NMHRD's administrative record and considering charge of discrimination without converting motion to dismiss to one for summary judgment).

above, retaliatory discharge claims require that plaintiffs were terminated "as a result of" their actions in furtherance of a clearly mandated public policy. Here, Plaintiff's termination could not have been a *result* of her Charge of Discrimination because she was terminated before she filed the Charge. Thus, to the extent that Plaintiff's generalized statement about her "opposition to unlawful employment practices" refers to her filing of a Charge of Discrimination, that cannot logically provide the basis of a valid retaliatory discharge claim.

## CONCLUSION

For the reasons set forth herein, HVR respectfully requests that this Court dismiss Plaintiff's NMHRA claim against HVR for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. HVR also respectfully requests that this Court dismiss Plaintiff's retaliatory discharge claim for failure to state a claim upon which relief can be granted, and grant all other and further relief as this Court deems just and proper.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/  Tiffany L. Roach Martin*
    Tiffany Roach Martin
    Dominic Martinez
    Post Office Box 2168
    500 Fourth Street, N.W., Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: (505) 848-1800
    *Attorney for Defendant HVR, Inc.*

WE HEREBY CERTIFY that on this __18th__ day of February, 2020, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Andrew B. Indahl
Altura Law Firm
500 Marquette Avenue NW – Suite 1200

11

Albuquerque, NM 87102
(505) 264-8741
andy@alturalawfirm.com

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By:*/s/ Tiffany L. Roach Martin*
 Tiffany L. Roach Martin